UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

|  |  |  |
|---|---|---|
| DONALD SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-712 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert Holmes Bell |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits (DIB).   Plaintiff filed his application on March 4, 2004, claiming a December 3, 2002 onset of disability.   (A.R. 41-43).   Plaintiff's claim was denied on initial review.  (A.R. 22-28).  On May 3, 2006, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel.  (A.R. 165-91).   On June 6, 2006, the ALJ issued a decision finding that the plaintiff was not disabled.  (A.R. 10-21).   The Appeals Council denied review on August 25, 2006 (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.  On October 2, 2006, plaintiff filed his complaint seeking judicial review of the Commissioner's decision.

Plaintiff's brief (docket # 6) presents the following statement of errors:

THE COMMISSIONER ERRED AS A MATTER OF LAW BY IMPROPERLY CONCLUDING THAT MR. SIMON DID NOT MEET OR EQUAL LISTING 1.04A AND BY DISCOUNTING MR. SIMON'S CREDIBILITY/TESTIMONY.

(*Id.* at 2).  Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.   I recommend that the Commissioner's decision be affirmed.

<u>**Standard of Review**</u>

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528;  *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference."   *Buxton*, 246 F.3d at 772-73.   "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see*

*Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on December 3, 2002, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision.  Plaintiff had not performed substantial gainful activity after his alleged onset of disability.  Plaintiff had severe impairments of "degenerative disc disease of the lumbosacral spine, status [post] micro[-]discectomy and fusion." (A.R. 20).  The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  The ALJ found that plaintiff's subjective complaints were not fully credible.  (A.R. 16-18).  Plaintiff retained the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally, (which is consistent with the claimant's testimony that he can lift that much weight), and 10 pounds frequently; stand and/or walk up to 6 out of 8 hours; sit 6 out of 8 hours with the option to sit or stand at will; and occasionally climb, balance, kneel, crouch, crawl, bend [and] twist.  The claimant testified that he continues to experience numbness in the right leg.  The undersigned concludes that he would have difficulty operating foot

controls with numbness in the right foot and therefore should not occupy a position that requires this function. The undersigned also concludes that an individual with leg numbness and intermittent back pain should not work around dangerous unprotected machinery, work around unprotected heights, or use vibrating tools or equipment which may exacerbate back pain.

(A.R. 20). The ALJ found that plaintiff was unable to perform his past relevant work. Plaintiff was thirty-nine years old as of the date of his alleged onset of disability, and he was forty-two years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has at least a high school education. The ALJ then turned to the testimony of a vocational expert who testified that a hypothetical person of plaintiff's age with his RFC, education, and work experience, would be capable of performing 42,000 jobs within Michigan's lower peninsula. (A.R. 188-90). The ALJ found that this constituted a substantial number of jobs, and held that plaintiff was not disabled.

## 1.

Plaintiff argues that the ALJ's step-3 finding that plaintiff did not meet or equal the requirements of listing 1.04A is not supported by substantial evidence.[1] (Plf. Brief at 2-6). The Commissioner utilizes a five-step sequential analysis to determine whether a claimant is disabled within the meaning of the Social Security Act. *See Cruse v. Commissioner*, 502 F.3d 532, 539 (6th Cir. 2007); *McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001). Step-3 regulates a "narrow category of adjudicatory conduct." *Combs v. Commissioner*, 459 F.3d 640, 649 (6th Cir. 2006) (en banc). It

---

[1]The ALJ found that plaintiff's impairments did not meet or equal the requirements of listing 1.04A, B, or C. (A.R. 14-15). Plaintiff did not contest the ALJ's findings with regard to listings 1.04B and C.

-4-

"governs the organization and evaluation of proof of listed impairments that, if supported, renders entitlement to benefits a foregone conclusion." *Id.* "Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the [Social Security Administration's] SSA's special list of impairments, or that is at least equal in severity to those listed. The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. A person with such an impairment or an equivalent, consequently, necessarily satisfies that statutory definition of disability." *Id.* at 643 (internal citations omitted).

A claimant has the burden of showing that he satisfies all the individual requirements of a listing. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *see also Blanton v. Commissioner*, 118 F. App'x 3, 6 (6th Cir. 2004); *Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004)("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."). "Unless all of the requirements of the listing are present, the claimant does not satisfy that listing." *Roby v. Commissioner*, 48 F. App'x 532, 536 (6th Cir. 2002) (citing *Hale*, 816 F.2d at 1083). An impairment satisfies a listing only when it manifests the specific findings described in the medical criteria for that particular impairment. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1525(c); *see also Lusk v. Commissioner*, 106 F. App'x 405, 411 (6th Cir. 2004)("Substantial evidence exists to support a finding that the claimant does *not* meet the listing if there is a lack of evidence indicating the existence of all of the requirements of a listed impairment."). "Motor loss" is among the express requirements of Listing 1.04A:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  It was plaintiff's burden to demonstrate that he met all parts of the listing, including the listing's introductory paragraphs.[2]  *See Foster v. Halter*, 279 F.3d at 354; *see also Potter v. Commissioner*, 223 F. App'x 458, 464-65 (6th Cir. 2007); 20 C.F.R. § 404.1525(c)(2).   Plaintiff did not present evidence of the motor loss required by listing 1.04A. *See Lawson v. Commissioner*, 192 F. App'x 521, 529-30 (6th Cir. 2006); *see also Hernandez v. Commissioner*, 198 F. App'x 230, 234-35 (3d Cir. 2006); *Candelario v. Barnhart*, 166 F. App'x 379, 382-84 (10th Cir. 2006).   Plaintiff's extremities had "no gross deformities or edema." (A.R. 83). Plaintiff's gait was described as "steady and symmetrical" and his muscle strength in his lower extremities was "4/4 bilaterally." (A.R. 96).  Measurement of plaintiff's calf muscles on September 7, 2004, revealed that the muscles were equal and symmetric. (A.R. 159).  The ALJ's finding that

---

[2]The introduction to the listing defines the proof of atrophy necessary to establish motor loss:

[A] report of atrophy is not acceptable as evidence of significant motor loss without circumferential measurements of both thighs and lower legs, or both upper and lower arms, as appropriate, at a stated point above and below the knee or elbow given in inches or centimeters.  Additionally, a report of atrophy should be accompanied by measurement of the strength of the muscle(s) in question generally based on a grading system of 0 to 5, with 0 being complete loss of strength and 5 being maximum strength. A specific description of atrophy of hand muscles is acceptable without measurements of grip and pinch strength.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00E(1).

-6-

plaintiff did not meet or equal the requirements of listing 1.04A is supported by more than substantial evidence.

## 2.

Plaintiff argues that the ALJ "discounted Mr. Simon's credibility/testimony in order to deny benefits" and that "[if the ALJ had found Mr. Simon's testimony credible, Mr. Simon would have been entitled to disability because he would [have] be[en] incapable of performing substantial, gainful activity on a full-time, regular and sustained basis because of the need to lie down and because of his pain leading to the inability to perform [work] on an 8-hour a day, 5-days a week schedule." (Plf. Brief at 7). Plaintiff is, in essence, criticizing the ALJ for performing a crucial element of the administrative process: determining credibility. This court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v. Commissioner*, 192 F. App'x at 528. The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "highly deferential" substantial evidence standard. *See Myatt v. Commissioner*, No. 07-5179, 2007 WL 3023485, at * 1 (6th Cir. Oct. 16, 2007)("Substantial evidence review is highly deferential, as we must affirm any factual finding supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'")(quoting *McClanahan*, 474 F.3d at 833). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir.

2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see Cruse v. Commissioner*, 502 F.3d at 542; *West v. Commissioner*, 240 F. App'x 692 (6th Cir. 2007). "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). The ALJ's detailed and lengthy discussion of his reasons for finding that plaintiff's subjective complaints were not fully credible is incorporated herein by reference. (A.R. 16-18). Upon review of the administrative record, I find that the ALJ's credibility determination is supported by more than substantial evidence.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  December 10, 2007            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).